Bruce W. LYTLE, Captain, United States Army Reserve, Petitioner–Appellee,

v.

Harold BROWN, Secretary of Defense; Clifford L. Alexander, Jr., Secretary of the Army; and Colonel Carfagan, Facility Commander, Mote Army, Parma, Ohio, Respondents–Appellants.

No. 79–3152.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 22, 1980.

Decided Dec. 11, 1980.

James R. Williams, U. S. Atty., Solomon Oliver, Jr., Asst. U. S. Atty., Cleveland, Ohio, Patricia G. Reeves, Dept. of Justice, Civ. Div., Washington, D. C., for respondents–appellants.

Christopher D. Stanley, Cleveland, Ohio, Richard P. Fox, Max Gest, Los Angeles, Cal., for petitioner–appellee.

Before MERRITT and JONES, Circuit Judges, and GIBSON, District Judge.[*]

NATHANIEL R. JONES, Circuit Judge.

The United States Army appeals from a judgment enjoining it from ordering Bruce W. Lytle to report to active duty until the Army complies with its own regulations. The district court held that the Army failed to comply with its own regulations in denying Lytle an exemption from active duty based on essentiality and community hardship. We reverse.

### I.

In 1971, Lytle graduated from medical school and enlisted in the Army under the Armed Forces Physicians Appointment and Residency Consideration Program (the Berry Plan). This plan is implemented under Army Regulation 135–25. The Berry Plan permits physicians to defer their two–year active military service in order to complete their hospital residency training.

Lytle completed his internship and residency and elected to pursue a sub–specialty in thoracic and cardiovascular surgery. He applied for and received annual deferments from active duty to allow him to complete his specialty training.

On October 5, 1977, before he completed his specialty training, Lytle applied by letter for an exemption from active duty based on essentiality or community hardship. He based his essentiality on the need of the Cleveland Clinic Foundation and the Cleveland community for thoracic surgeons. At the time he applied for the exemption Lytle was still in his residency training at Boston Hospital.

Lytle's letter stated that he sought a discharge under Army Regulation 601–25. These regulations require the submission of statements demonstrating the physician's need to the community. Between December 1977 and March 1978, these statements were sent to the Army.

On January 1, 1978, Lytle began to practice on the staff of the Department of Thoracic and Cardiovascular Surgery of the Cleveland Clinic Foundation.

The Army processed Lytle's letter dated October 5, 1977, as an application for an exemption. On May 10, 1978, his request for an exemption was denied. The Army found that Lytle failed to demonstrate that his withdrawal from the Cleveland Clinic would have an adverse effect on the community, and that the community failed to show it attempted to replace Lytle.

The Cleveland Clinic Foundation appealed from the Army's decision. The appeal was denied by the Adjutant General.

On July 13, 1978, Lytle was ordered to report for active duty. Lytle renewed his application for an exemption and this application was denied because his first application was properly processed.

On July 18, 1978, Lytle filed this action requesting an injunction, declaratory relief, a writ of habeas corpus and a writ of mandamus.

The district court found that Lytle had been denied procedural due process because the Army failed to comply with its proce-

* Benjamin F. Gibson, District Judge, United States District Court for the Western District of Michigan, sitting by designation.

dural regulations by "prematurely processing his initial letter of inquiry concerning deferment and exemption from active service . . . "

The district court relied on Department of Defense Instruction 1205.1 ¶ X(D) (1973) and AR 601–25 § 10 ¶ 2–20. Department of Defense Instruction 1205.1 ¶ X governs physicians who are members of the reserves and apply for delay from active duty. It states:

> *Upon receipt of active duty orders* any reserve officer and/or his employer may submit a request for delay in entrance on active duty and/or exemption from active duty to a board authorized by the military department concerned to consider such cases . . .

(emphasis added) Army Regulation 601–25 § 10 ¶ 2–20 states:

> Request for exemption or delay in entry or active duty for essentiality or community hardship will be submitted . . . *as soon as the hardship condition occurs.*

(emphasis added).

The district court concluded that under these regulations Lytle's right to seek a deferment or an exemption did not accrue until he was ordered to report for active duty. The court also noted that no factual basis existed to support an exemption until Lytle began to work in Cleveland, which was after he sent his letter requesting the exemption.

The Army moved for reconsideration of the district court's order. The motion was denied.

## II.

■ In this appeal, the Army contends that AR 601–25 creates a right to apply for an exemption before an officer receives his active duty orders. We agree.

Although Department of Defense Instruction 1205.1 is not triggered until an officer receives active duty orders, AR 601–25 provides another avenue by which a reservist can petition for an exemption from active duty based on community need. Army Regulation 601–25 permits a physician to apply for the exemption "as soon as the hardship condition occurs." We hold that under AR 601–25 a physician can apply for an exemption from active duty based on community need before he receives his orders to active duty.

■ The district court found that Lytle's letter dated October 5, 1977, was merely a letter of inquiry. We disagree. This letter stated, "I am seeking a discharge from my Berry Plan obligation and will be complying with the requirements of Army Regulations Section 601–25 (Section IV)." This is an assertion, not an inquiry. Soon after the Army received this letter Lytle had letters sent to support his application for an exemption. This course of conduct indicates his letter was an application for an exemption from active duty. The Army acted properly in treating this letter as an application.

■ We also find no fault with AR 601–25 ¶ 2–19(b) which provides:

> b. Physicians and dentists who are *not at the time of application* performing the health service needed by the community or who have never performed on a regular basis in a community which is alleged to suffer hardship are not eligible for delay or exemption.

(emphasis added). A regulation which denies an exemption based on community hardship because the physician has not worked in the community is reasonable. *West v. Chafee,* 560 F.2d 942 (8th Cir. 1977).

We do not believe that the Army acted inconsistently with its regulations or that its regulations violate due process.

Accordingly, the judgment of the district court is REVERSED.